**Emil ROTHENBERGER, on behalf of himself and all others similarly situated, Plaintiff,**

v.

**DOUGLAS COUNTY, Defendant.**

Civ. No. 83–4117.

United States District Court,
D. South Dakota, S.D.

Dec. 19, 1983.

Valerie McNaughton, Denver, Colo., Rollyn H. Samp, Sioux Falls, S.D., for plaintiff.

Robert L. Timm, Grant E. Gormley and Thomas H. Harmon, Asst. Attys. Gen., Pierre, S.D., for defendant.

### MEMORANDUM OPINION AND ORDER OF DISMISSAL

JOHN B. JONES, District Judge.

The South Dakota legislature consolidated all state and local retirement systems by Chapter 35, Session Laws of 1974, now S.D.C.L. 3–12. The consolidation was effective July 1, 1974.

Under the statute, there was some benefit to the employees of local subdivisions if the local subdivisions set up retirement plans prior to July 1, 1974. Douglas County chose not to do so on or about May 23, 1974, and let the July 1, 1974 deadline pass without action.

In this action, the plaintiff asserts that the failure of Douglas County to so act violated the Age Discrimination in Employment Act (ADEA). Plaintiff makes other pendent claims.

The defendant has moved to dismiss the ADEA claim because the plaintiff didn't file a discrimination complaint with the

EEOC within 180 days of the county action or inaction, as required by 29 U.S.C. § 626(d). Plaintiff presented his complaint to the EEOC on December 21, 1982.

I conclude that the motion to dismiss should be granted, and the action dismissed with prejudice.

Plaintiff seeks to avoid the application of the 180-day limitation period by asserting that there is a continuing violation of the ADEA. I conclude that this position is without merit. Counsel has cited no authority for the proposition that the failure to adopt a pension plan constitutes a violation of ADEA, and I haven't found any such authority. I conclude therefrom that the defendant had no obligation under ADEA to adopt a pension plan for its employees.

The plaintiff also asserts that the 180-day limitation period should be tolled, but I find no basis herein for any equitable tolling of the limitation period. The plaintiff clearly knew or should have known that Douglas County did not join the State Plan in 1974, and any reason or motive behind such failure to join the plan would not toll the statute.

Plaintiff also asserts a due process claim based on the Fourteenth Amendment to the United States Constitution. I conclude that the failure of the defendant to adopt a pension plan does not give rise to a due process claim, as a matter of law.

I also conclude that the retaliation claim set forth in the complaint fails to state a cause of action.

Because the federal claims must be dismissed, it follows that the pendent claims must likewise be dismissed.

### ORDER OF DISMISSAL

Upon the record herein and the foregoing Memorandum Opinion,

IT IS ORDERED AND ADJUDGED:

(1) That the defendant's Motion to Dismiss is hereby granted.

(2) That the above-entitled action be and hereby is dismissed with prejudice.